[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-15066; 14-15067
Non-Argument Calendar
_____

D.C. Docket Nos. 1:13-cr-20803-WJZ-1; 0:14-cr-60145-WJZ-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EMMANUEL A. ADEIFE,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Southern District of Florida
_____

(July 10, 2015)

Before HULL, WILSON, and ROSENBAUM, Circuit Judges.

PER CURIAM:

Emmanuel Adeife pleaded guilty to one count of access device fraud, in violation of 18 U.S.C. § 1029(a)(2), one count of aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1), and one count of failure to appear, in violation of 18 U.S.C. § 3146(a)(1).[1] Adeife appeals his total seventy-six-month upward variance sentence. On appeal, he contends that the district court erred in applying a four-level sentencing enhancement because its finding that the offense involved more than fifty victims was clearly erroneous. Adeife further argues that his seventy-six-month term of imprisonment is both procedurally and substantively unreasonable since the district court failed to adequately explain why it deviated upward from the Guidelines.

After a thorough review of the record and the parties' briefs, we conclude that the district court's factual finding with regard to its calculation of the number of victims was not clearly erroneous, and, therefore, the district court did not err in applying the four-level enhancement. However, because the district court imposed a sentence above the Guidelines without adequate explanation, despite announcing its intent to impose a sentence within the Guideline range, we vacate Adeife's seventy-six-month sentence and remand for further clarification and resentencing.

---

[1] This appeal arises from two separate criminal prosecutions, with separate indictments, that were consolidated for purposes of appeal.

## I.

The district court's interpretation and application of the Guidelines is reviewed de novo, and its calculation of the number of victims is reviewed for clear error. *United States v. Rodriguez*, 732 F.3d 1299, 1305 (11th Cir. 2013). Although estimations are permitted, the district court is prohibited from speculating about the existence of a fact that would yield a more severe sentence. *Id*. The Sentencing Guidelines provide for a four-level enhancement if the offense involved fifty or more but fewer than 250 victims. U.S.S.G. § 2B1.1(b)(2)(B)–(C). For sentencing enhancement purposes, a "victim" is defined as "any person who sustained any part of the actual loss." § 2B1.1 cmt. n.1. However, when a case involves a means of identification, a victim is also defined as "any individual whose means of identification was used unlawfully or without authority." § 2B1.1 cmt. n.4(E)(ii).

Here, Adeife admitted that he filed 112 fraudulent Social Security retirement benefit claims using the identities of real people without their authorization. We acknowledge that Adeife was only successful in receiving payment on forty-five of those claims. However, the fact that he did not receive payment on all 112 claims is of no moment because the mere unlawful use of a means of identification or its use without authorization is sufficient to convert an individual into a victim for enhancement purposes. *See* § 2B1.1 cmt. n.4(E)(ii). Therefore, Adeife's claim

3

that these individuals were not victims within the meaning of Application Note 4(E)(ii), simply because he was unsuccessful in receiving payments on every claim, is without merit. Accordingly, the district court's finding of fact that the offense involved 112 victims was not clearly erroneous, and, therefore, its application of the four-level enhancement was appropriate.

## II.

Adeife also argues that his sentence is procedurally and substantively unreasonable.

Here, the district court explicitly stated that it found "no reason to depart or vary from the sentence called for by the guidelines" and that the sentence it imposed was "within the advisory guideline range." The calculated Guideline range was sixty-five to seventy-five months' imprisonment, and both parties requested a sentence within the Guidelines. Despite unequivocally declaring its intent to impose a sentence within the guidelines, the district court sentenced Adeife to seventy-six months' imprisonment, which is not a sentence within the guidelines range. The seventy-six month sentence is in direct conflict with the district court's expressed, unequivocal intention to sentence Adeife within the Guidelines. *See id.* Because it appears that the district court did not intend to impose an above Guidelines sentence, we vacate Adeife's sentence and remand to the district court for further clarification and resentencing. Finally, because it is

4

necessary to first cure this error, we do not reach the issue of whether Adeife's sentence was substantively reasonable. *United States v. Barner*, 572 F.3d 1239, 1253 (11th Cir. 2009).

**AFFIRMED in part; VACATED and REMANDED in part.**